**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1719-22

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

REGINA A. WALLACE,

      Defendant-Appellant.

_____

Submitted June 18, 2024 – Decided July 8, 2024

Before Judges Mawla and Vanek.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Accusation No. 14-03-0131.

Jennifer Nicole Sellitti, Public Defender, attorney for appellant (Monique D. Moyse, Designated Counsel, on the briefs).

Angelo J. Onofri, Mercer County Prosecutor, attorney for respondent (Laura Sunyak, Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Regina Wallace appeals an October 13, 2022 order denying her petition for post-conviction relief (PCR). We affirm substantially for the reasons set forth by Judge J. Adam Hughes in his cogent written decision accompanying the order.

I.

On October 31, 2012, defendant struck her sleeping mother in the head and torso with a pickaxe then left her unattended and bleeding. Defendant's mother died from the injuries. Defendant was charged with first-degree murder, N.J.S.A. 2C:11-3(a)(2) (count one), and possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(d) (count two).[1]

On March 6, 2014, defendant pleaded guilty to first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1). The State recommended a thirty-year sentence subject to twenty-five-and-a-half years of parole ineligibility pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. During the plea allocution, defendant retained the right to request a lesser sentence based on her mental health history.

---

[1] The record is inconsistent as to whether the weapons charge against defendant was in the second- or third-degree. Our analysis is unchanged under either gradation.

A sentencing hearing proceeded on May 2, 2014, at which defendant and several of her family members testified. The sentencing court also reviewed the report from Dr. Kenneth Weiss as to his evaluation of defendant, along with her history of mental illnesses and hospitalizations. After the sentencing court considered the totality of the evidence in light of the applicable aggravating and mitigating factors under N.J.S.A. 2C:44-1, defendant was sentenced to a term of twenty years with seventeen years of parole ineligibility, as required by NERA.

The sentencing court found the credible evidence supported a finding of aggravating factors three, N.J.S.A. 2C:44-1(a)(3)—the risk that defendant will commit another offense—and nine, N.J.S.A. 2C:44-1(a)(9)—the need to deter defendant and others from violating the law. The court applied mitigating factors four, N.J.S.A. 2C:44-1(b)(4)—substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense—and seven, N.J.S.A. 2C:44-1(b)(7)—defendant's lack of prior criminal history. It also weighed mitigating factor eleven, N.J.S.A. 2C:44-1(b)(11)—that imprisonment of the defendant would entail excessive hardship.

The sentencing court was satisfied defendant's sentence would provide her with the opportunity to receive extensive treatment for her mental illnesses prior to release on probation. The court also found the aggravating and mitigating

A-1719-22

factors were balanced and, therefore, sentenced defendant to twenty years. The twenty-year term of incarceration was in the midrange between the ten- and thirty-year sentences recommended under the sentencing guidelines and less than that sought by the State. Defendant appealed the sentence.

We affirmed defendant's term of incarceration on the sentencing oral argument (SOA) calendar. State v. Wallace, No. A-0440-14 (App. Div. Jan. 13, 2015). On October 17, 2017, defendant filed her first PCR petition which she subsequently withdrew on November 15, 2019.[2] On January 26, 2021 defendant filed a second PCR petition. After oral argument, Judge Hughes entered an October 13, 2022 order accompanied by a thirteen-page written decision denying defendant's PCR petition.

The judge found defendant filed her second PCR petition more than one year after her first PCR petition was withdrawn in violation of Rule 3:22-12(a)(2).[3] The judge also found the refiled PCR petition was time barred by the

---

[2] We note that the record is inconsistent as to the dates of previous filings. This opinion uses the dates as set forth in Judge Hughes's decision. Our analysis is unchanged under either timeline.

[3] Rule 3:22-12(a)(2) provides that no second or subsequent petition shall be filed more than one year from the events enumerated in (A), (B) or (C).

five-year limitation under <u>Rule</u> 3:22-12(a)(1),[4] even if he were to consider it a first petition because of the COVID-19 pandemic. He also concluded that defendant's PCR petition was procedurally barred under <u>Rule</u> 3:22-4 since she had the opportunity to litigate the issues on direct appeal.

Nonetheless, the judge addressed the merits of defendant's PCR petition, finding an evidentiary hearing was not necessary based on the record before the sentencing court. He concluded any assertion that sentencing counsel's performance fell below the objective standard was vague, conclusory, or speculative and therefore did not warrant an evidentiary hearing.

The judge recounted that defendant's sentencing counsel submitted a memorandum at the sentencing hearing detailing the applicable mitigating factors. Defendant argued her counsel presented mitigating factors four, seven,

---

[4] <u>Rule</u> 3:22-12(a)(1) requires that a first PCR petition be filed no later than five years after the date of the judgment of conviction being challenged, subject to certain enumerated exceptions.

A-1719-22

eight,[5] nine,[6] eleven, and twelve[7] to the sentencing court for consideration, but did not argue factors eight and twelve. The judge found the sentencing court nonetheless explicitly considered mitigating factors four, seven, nine, and eleven, while implicitly rejecting factor eight through finding that aggravating factor three applied. He concluded defendant's assertion that mitigating factor twelve applied was "unclear and speculative."

The judge also addressed defendant's arguments that: 1) the sentencing court did not properly balance the aggravating and mitigating factors; and 2) both trial and appellate counsel were ineffective in failing to request a further articulation by the sentencing court or file an appeal. On review, he conducted a balancing analysis on the record, concluding mitigating factors four and seven were balanced by aggravating factors three and nine and, therefore, a mid-range sentence of twenty years, subject to NERA, was appropriate. The judge also recognized that we affirmed defendant's sentence, finding it was properly

---

[5] Mitigating factor eight is "[t]he defendant's conduct was the result of circumstances unlikely to recur . . . ." N.J.S.A. 2C:44-1(b)(8).

[6] Mitigating factor nine is "[t]he character and attitude of the defendant indicate that the defendant is unlikely to commit another offense. . . ." N.J.S.A. 2C:44-1(b)(9).

[7] Mitigating factor twelve is "[t]he willingness of the defendant to cooperate with law enforcement authorities. . . ." N.J.S.A. 2C:44-1(b)(12).

balanced. Since counsel was able to achieve a sentence of ten years less than the State's recommendation, defendant was not prejudiced.

This appeal followed. Defendant raises the following point for our consideration:

> [DEFENDANT] IS ENTITLED TO AN EVIDENTIARY HEARING ON HER CLAIM THAT COUNSEL RENDERED INEFFECTIVE ASSISTANCE BY FAILING TO ADVOCATE ADEQUATELY AS TO HER SENTENCE.

II.

On appeal, defendant argues she is entitled to an evidentiary hearing on her ineffective assistance of counsel claim because her trial and appellate counsel failed to adequately advocate on her behalf regarding sentencing. Defendant contends her trial counsel failed to argue the mitigating factors contained in N.J.S.A. 2C:44-1(b)(8) and (12) applied; argue against the application of aggravating factors pursuant to N.J.S.A. 2C:44-1(a)(3) and (9); and argue for a proper balancing of the aggravating and mitigating factors. Defendant also posits that appellate counsel rendered ineffective assistance at the SOA hearing by failing to argue the trial court misapplied statutory aggravating factors N.J.S.A. 2C:44-1(a)(3) and (9), and did not balance all of the applicable factors. Defendant further contends that since her arguments

7

depend largely on extrinsic evidence outside the record, namely her testimony and that of her attorney, this matter must be remanded for an evidentiary hearing.

Because Judge Hughes reached the merits of defendant's PCR petition, we dispense with a discussion of whether the petition was time-barred or otherwise procedurally barred pursuant to Rule 3:22-4(a).  Instead, we address the merits-based arguments on appeal.

PCR "is New Jersey's analogue to the federal writ of habeas corpus."  State v. Afanador, 151 N.J. 41, 49 (1997) (citing State v. Preciose, 129 N.J. 451, 459 (1992)).  It is the vehicle through which a defendant may, after conviction and sentencing, challenge a judgment of conviction by raising issues that could not have been raised on direct appeal and, therefore, "ensures . . . a defendant was not unjustly convicted."  State v. McQuaid, 147 N.J. 464, 482 (1997).

Where an evidentiary hearing has not been held on a PCR petition, we "conduct a de novo review of both the factual findings and legal conclusions of the PCR court."  State v. Harris, 181 N.J. 391, 419-21 (2004) .  However, "we review under the abuse of discretion standard the PCR court's determination to proceed without an evidentiary hearing."  State v. Brewster, 429 N.J. Super. 387, 401 (App. Div. 2013) (citing State v. Marshall, 148 N.J. 89, 157-58 (1997)).

To establish a prima facie case of ineffective assistance of counsel, defendant must satisfy the familiar two-prong test articulated in Strickland v. Washington, 466 U.S. 668, 687 (1984), which our Supreme Court adopted in State v. Fritz, 105 N.J. 42, 58 (1987). "First, the defendant must show . . . . counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed . . . by the Sixth Amendment." Fritz, 105 N.J. at 52 (quoting Strickland, 466 U.S. at 687). Defendant must then show counsel's "deficient performance prejudiced the defense." Ibid. (quoting Strickland, 466 U.S. at 687).

When assessing the first prong, "[j]udicial scrutiny of counsel's performance must be highly deferential." 466 U.S. at 68-69. "Merely because a trial strategy fails does not mean that counsel was ineffective." State v. Bey, 161 N.J. 233, 251 (1999). Thus, a trial court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance," and "the defendant must overcome the presumption that, under the circumstances, the challenged action [by counsel] 'might be considered sound trial strategy.'" Strickland, 466 U.S. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)). Under Strickland's second prong, the defendant must show "the deficient performance prejudiced the defense." Id. at 687.

A-1719-22

In the context of sentencing, counsel owes a duty to proffer "mitigating evidence in support of a lesser sentence" and failure to honor that obligation denies a defendant the "constitutional right to the effective assistance of counsel at sentencing." State v. Hess, 207 N.J. 123, 129 (2011). Sentencing hearings afford defense counsel the "opportunity to make a vigorous argument regarding mitigating and other circumstances, hoping to personalize defendant in order to justify the least severe sentence under the Criminal Code." State v. Briggs, 349 N.J. Super. 496, 501 (App. Div. 2002).

"The mere raising of a claim for PCR does not entitle the defendant to an evidentiary hearing." State v. Vanness, 474 N.J. Super. 609, 623 (App. Div. 2023) (citing State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999)). The PCR court should grant an evidentiary hearing "only when: (1) the defendant establishes a prima facie case in support of PCR; (2) the court determines that there are disputed issues of material fact that cannot be resolved by review of the existing record; and (3) the court determines that an evidentiary hearing is required to resolve the claims asserted." Ibid. (citing State v. Porter, 216 N.J. 343, 354 (2013)).

We affirm the determination that defendant was not entitled to an evidentiary hearing on her PCR petition. The record establishes the arguments

asserted by counsel as well as the sentencing court's balancing of applicable aggravating and mitigating factors to determine an appropriate sentence. Therefore, no evidentiary hearing was necessary to develop a record for the trial court to rule on defendant's PCR petition.

An evidentiary hearing was also unnecessary because the record does not establish a prima facie case of ineffective assistance of counsel. Defendant has not demonstrated that her attorneys' alleged acts or omissions fell below the objective standard under which counsel's performance is evaluated for purposes of determining the viability of a PCR petition. Even if defendant had presented evidence that counsel's performance fell below the objective standard, defendant was not prejudiced since she was sentenced to a term of ten years less than the sentence recommended by the State under the plea agreement. As a result, defendant has not established a prima facie showing of either Strickland prong.

We find no error with the judge's conclusion that defendant's sentencing counsel argued the applicable mitigating factors and, thus, counsel's representation was not deficient. Defense counsel submitted a memorandum to the sentencing court, highlighting mitigating factors four, seven, nine, and eleven. Counsel further argued on the record the events on October 21, 2012 occurred because of defendant's mental health issues and, with proper treatment,

defendant would not commit another offense.   The sentencing court's rejection of a portion of defendant's arguments and the sentence imposed after balancing the relevant aggravating and mitigating factors does not establish ineffective assistance of counsel.

We also reject defendant's argument that sentencing counsel failed to insist the sentencing court explain its findings since those determinations are already well-grounded in the record.  Indeed, the sentencing court considered counsel's arguments and found

> mitigating factor number [four].  There are substantial grounds . . . not to excuse [defendant], but fail to establish a legal defense under New Jersey statutes, namely [defendant's] serious and long lasting mental health history.  Number [seven], [defendant has] never been arrested, never been convicted of any crime in her life.  [The court] cannot apply number [nine] because, as I said, [defendant] has [a] mental illness.  [The court] considered number [eleven], the imprisonment of the defendant will cause excessive hardship.

We discern no error in Judge Hughes's conclusion that mitigating factor eight was implicitly addressed by the sentencing court when it found aggravating factor three was applicable based on defendant's mental illness and potential to harm others, since she was able to take her own mother's life.  There was a factual basis in the record for finding aggravating factor three, the risk that defendant will commit another offense, based on defendant's then-mental

12

health status. This finding demonstrates that the sentencing court implicitly rejected mitigation by way of circumstances unlikely to recur, under factor eight. Defendant did not provide any factual basis supporting the argument that mitigating factor twelve applies.

Defendant has failed to show there would have been a different outcome if counsel's performance at the sentencing hearing had been different. Both defense counsel and the witnesses that testified humanized defendant and provided support for the successful argument that a reduction in the recommended sentence was appropriate. The sentencing court considered defense counsel's arguments and balanced both the aggravating and mitigating factors prior to determining that incarceration for ten years less than the State's recommendation was appropriate.

Nor did defendant establish appellate counsel's arguments were objectively deficient. Even if we accept defendant's assertion that appellate counsel should have made further arguments regarding the sentencing court's balancing of the aggravating and mitigating factors, defendant was not prejudiced since we affirmed the reduced sentence.

Since defendant has not established a prima facie case of ineffective assistance of counsel by establishing any objective deficiency in counsel's

13

performance or prejudice resulting from counsel's representation, we affirm the order denying her PCR petition without an evidentiary hearing. To the extent we have not addressed an argument raised on this appeal, it is because it lacks sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1719-22